IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY SMITH,

    Plaintiff,

v.

THOMAS, et al.,

    Defendants.

CIVIL NO. 3:13-CV-01708

(Judge Mariani)

## MEMORANDUM

### I. Introduction

On September 12, 2013, we issued an Order denying Plaintiff's motion for reconsideration (Doc. 12) and allowing Plaintiff more time to file an Amended Complaint per our previous Order (Doc. 11) and Magistrate Judge Carlson's Report and Recommendation (Doc. 7). (Doc. 14). Instead of filing an Amended Complaint, Plaintiff again filed a Motion for Reconsideration. (Doc. 15).

### II. Standard of Review

A motion for reconsideration is a mechanism "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A motion for reconsideration is generally permitted only upon the basis of three grounds: (1) there is an intervening change in the controlling law; (2) new evidence becomes available; or (3) clear error of law or to prevent manifest injustice. *See Max's*

*Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

## III. Discussion

In his motion for reconsideration, Plaintiff argues against dismissal of his action. (Doc. 15). Plaintiff has failed to show an intervening change in controlling law, new evidence, or a clear error of law or to prevent manifest injustice. As such, we will deny the motion for reconsideration.

We also note that, once again, Plaintiff has failed to comply with the Court Order granting him leave to file an Amended Complaint *which conforms to the instructions contained within Judge Carlson's Report and Recommendation (Doc. 7)*. Instead, Plaintiff chose to file the document discussed above. Plaintiff will be given an additional amount of time to file an Amended Complaint. If Plaintiff again fails to file an Amended Complaint *that conforms to the instructions contained within Judge Carlson's Report and Recommendation (Doc. 7)* he risks dismissal of this action.

Plaintiff is advised that he cannot move forward in this action unless he files an Amended Complaint.[1] Plaintiff is reminded that the Amended Complaint must be complete in all respects. The Amended Complaint must contain the same docket number (3:13-CV-01708) as the instant action and should be labeled "Amended Complaint." It must be a new pleading/document which stands by itself without reference to his first Complaint (Doc. 1).

---

[1] Plaintiff continues to file motions for reconsideration, which we have denied. Plaintiff should instead seek to file a proper Amended Complaint.

The Amended Complaint should set forth Plaintiff's claims in short, concise, plain statements, and in sequentially numbered paragraphs. It should specify the offending actions taken by a particular Defendant, be signed, and indicate the nature of relief sought. *Essentially, Plaintiff should tell us what happened, who was involved, when it occurred, and what relief Plaintiff is seeking.* Further, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all Defendants. *See* Fed. R. Civ. P. 20(a). If Plaintiff fails to file an Amended Complaint within twenty (20) days from the date of this Order, the case will be dismissed. An appropriate Order will follow.

Robert D. Mariani
United States District Judge

3