# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JEREMY SMITH, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | CIVIL NO. 3:13-CV-01708 |
| v. | : | |
| | : | (Judge Mariani) |
| THOMAS, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Plaintiff Jeremy Smith ("Plaintiff" or "Smith") initiated the above action *pro se* by filing a Complaint on June 21, 2013. (Doc. 1). On July 9, 2013, Magistrate Judge Martin Carlson screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 7). On August 16, 2013, this Court issued an Order adopting the Report and Recommendation of Magistrate Judge Carlson (Doc. 7), overruling Plaintiff's Objections (Docs. 8, 9, 10), and dismissing Plaintiff's Complaint without prejudice. (Doc. 11). The Order also gave Plaintiff leave to file an Amended Complaint on or before September 6, 2013. (*Id.*).

After filing two unsuccessful motions for reconsideration (Docs. 12, 15; *see also* Docs. 14, 17), an Amended Complaint was filed by Plaintiff on October 31, 2013 pursuant to

28 U.S.C. § 1331 (Doc. 18).[1] Liberally construed, the Amended Complaint alleges that Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when he found a food tie in his coleslaw.[2] (*Id.*). For the reasons discussed below, we will dismiss this action under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has been afforded several opportunities to amend his Complaint, and he has failed to comply with the Court's prior Orders in attempting to do so.

## I.  Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability

---

[1] Plaintiff's Amended Complaint actually contains a second amended complaint for a separate case Plaintiff has pending in this Court (3:13-CV-01486). As such, the pages of the second amended complaint should be redacted from the record and filed as an amended complaint in Plaintiff's other action.

[2] To the extent that Plaintiff wishes to bring his claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq.*, Plaintiff's claim fails. As advised by Magistrate Judge Carlson in his Report and Recommendation, the only proper defendant in an FTCA claim is the United States. (Doc. 7). Because Plaintiff has failed to name the United States as a defendant, any FTCA claim fails.

2

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* As such, a plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations omitted).

*Pro se* pleadings are to be construed liberally, *Haines*, 404 U.S. at 520, and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

3

## II. Discussion

To state a viable § 1983 claim, a plaintiff must plead two (2) essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). In *Iqbal*, supra, the Supreme Court observed that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The Court further emphasized that "[i]n a § 1983 suit or a *Bivens* action- where masters do not answer for the torts of their servants- the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 692.

As such, to establish liability for the deprivation of a constitutional right, a plaintiff must demonstrate personal involvement by a defendant. *Rode v. Delarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Such involvement may be established through: 1) personal direction or actual participation by the defendant in the misconduct; or 2) knowledge of and acquiescence in the misconduct. *Id.*

Plaintiff has failed to name any defendant responsible for putting the food tie in his food.³ As such, he fails to provide sufficient notice of his allegations to the individual against whom he is making a claim. Further, Plaintiff has failed to show the personal involvement of any of the named Defendants in relation to his Eighth Amendment claim. To the extent that Plaintiff complains about the named Defendants in relation to their responses to his complaints about food service, Plaintiff has failed to allege a claim. As explained by Magistrate Judge Carlson,

> an inmate cannot sustain constitutional claims against prison officials based solely upon assertions that officials failed to adequately investigate or respond to his past grievances. Inmates do not have a constitutional right to a prison grievance system. *See Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008) (*citing Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with a response to an inmate's grievances does not support a constitutional claim. *See also Alexander v. Gennarini*, 144 F. App'x 924 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); *Pryor-El v. Kelly*, 892 F. Supp. 261, 275 (D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). *See also Cole v. Sobina*, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern.").

(Doc. 7, p. 14).

### III. Conclusion

For the reasons discussed above, we will dismiss Plaintiff's Complaint. Because we have given Plaintiff multiple chances to amend his Complaint, and he has failed to

---

³ While Plaintiff briefly mentions that Defendant Twist brought him the food tray, he does not allege that Defendant Twist is responsible for putting the food tie in his food. (Doc. 18)

5

adequately do so, we will not give Plaintiff another chance to amend. An appropriate Order will follow.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge